Gideon Rapaport, *pro se*
#627 1078 Summit Avenue
Jersey City, NJ 07307
GideonRapaportLaw@Outlook.com
(862)-213-0895

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gideon Rapaport,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br><br>Abigail Beryl Finkelman<br><br>　　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gideon Rapaport complaining against Defendant Finkelman alleges and states as follows:

### INTRODUCTION

1. This is an action seeking declaratory relief arising from the repeated threats made by defendant Finkelman to bring suit under the so-called anti-SLAPP (strategic lawsuit against public participation) law enacted by the State of New York as New York Civil Rights Law § 70-a.

2. Defendant Finkelman has made these threats in response to, and in the course of, the action Rapaport v. Finkelman 24-cv-5942(JGLC) brought in the United States District Court for the Southern District of New York against her for defamation and false light invasion of privacy.

3.      The action against Finkelman arose from her republication of a defamatory forged image originally fabricated by a former coworker of the Plaintiff, Ajay Srinivasan Iyer, a Kirkland & Ellis LLP attorney and fellow graduate of NYU Law. The defamatory forged image was fabricated to depict a poster at the Kirkland & Ellis LLP security desk containing the image of the Plaintiff's face above the text:

DO NOT ADMIT<br>
GIDEON RAPAPORT<br>
KIRKLAND & ELLIS LLP

4.      In fact, such a poster had never been displayed there or issued by the firm, and solely existed in a digital image format, in two different versions of the forgery. Defendant Finkelman's republication was of the first version, and reached over 300,000 views before she locked her X account from public access after receiving a waiver of service form.

## PARTIES

5.      Plaintiff Gideon Rapaport, is a graduate of the New York University School of Law and a former employee of Kirkland & Ellis LLP. He is a citizen of Canada that has been lawfully admitted to the United States at all relevant times.

6.      Defendant Abigail Beryl Finkelman is an attorney employed by the Legal Aid Society of Brooklyn. She is a citizen of the United States and of the State of New York. Defendant Finkelman is the person behind the pseudonymous @clapifyoulike me X, formerly known as Twitter, account offensively named "Mrs. Detective Pikajew Esq." dedicated to defamation and cyberbullying.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because there are federal questions, specifically the right to petition as guaranteed by the First Amendment of the United States Constitution, the inherent power and independence of the federal

judiciary as established by Article III and the Supremacy Clause of the United States Constitution, as well as the Federal Rules of Civil Procedure as promulgated by the Supreme Court of the United States pursuant to the Rules Enabling Act, 28 U.S.C. § 2071-2077.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is alienage jurisdiction resulting from the Plaintiff being a citizen of Canada and not of the United States, and Defendant Finkelman being a citizen of the United States. Further, the amount in controversy necessary for alienage jurisdiction over a declaratory judgment action is greater than $75,000, exclusive of interests and costs.

9. The Court has personal jurisdiction over Defendant Finkelman because, at all relevant times, she has been employed, resident and domiciled in the State of New York.

10. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant Finkelman is subject to personal jurisdiction in this District.

**FACTS**

11. The action against Defendant Finkelman for which she has asserted a right to claims per NY CRL § 70-a arose from her republication of a defamatory forged image originally fabricated by a former coworker of the Plaintiff, Ajay Srinivasan Iyer, a Kirkland & Ellis LLP attorney and graduate of NYU Law. The defamatory forged image was fabricated to depict a poster at the Kirkland & Ellis LLP security desk containing the image of the Plaintiff's face above the text:

DO NOT ADMIT<br>
GIDEON RAPAPORT<br>
KIRKLAND & ELLIS LLP

12. In fact, such a poster had never been displayed there or created by the firm, and solely existed in a digital image format, in two different versions of the forgery. Defendant Finkelman's republication on her "Mrs Detective Pikajew Esq." X account was of the first version.

13. The defamatory forgery republished by defendant Finkelman was fabricated to serve as evidentiary support for a character assassination campaign against the Plaintiff perpetrated by Ajay Srinivasan Iyer and Zachary George Garrett, also a fellow graduate of NYU Law, employed as a 'law clerk' for the law firm Holwell, Shuster Goldberg LLP, having not been admitted to the bar despite applying on or about November 2024, upon information and belief. The campaign included entirely false allegations that the Plaintiff was fired for sexual harassment and that the plaintiff was barred from the premises of his former workplace at Kirkland & Ellis LLP New York office. Iyer and Garrett were motivated to engage in this course of conduct so as to prevent Professor Richard Allen Epstein of NYU Law from recommending the Plaintiff to a Supreme Court clerkship instead of one of them.

14. Defendant Finkelman caused over 300,000 people to view the defamatory forgery as a result of her republication on X, formerly known as Twitter. Her republication was targeted to the #LawTwitter tag, resulting in increased visibility, and specific targeting to legal professionals.

15. Defendant Finkelman's republication caused the defamatory forgery to become indexed by Google and other major search engines in connection with the Plaintiff's name.

16. When Defendant Finkelman republished the first version of the defamatory forgery, it was not available anywhere on the internet because Iyer and Garrett had taken it down to frustrate comparison with the second, more technically sophisticated, version of the forgery. It was also not in the record of Rapaport v. Doe 1 et al. 23-cv-6709, and would not be entered into the record of that case until approximately 10 months after Defendant Finkelman republished it.

17. Defendant Finkelman's series of posts spanned in a sporadic fashion from on or about August 6, 2023 to on or about August 13, 2024, a few days after her summons waiver was mailed to her.

18. On or about August 13, 2024, Defendant Finkelman locked her X account from public view. This is in contradiction of her positions taken in her action, which she described as frivolous, moved for sanctions and disclaimed any wrongdoing.

19. Defendant Finkelman has, in her series of posts, described the Plaintiff as a "monster" created by "ghouls" and compared him to Sephiroth, a fictional villain of the *Final Fantasy* series of video games who is widely regarded as the most evil and notorious of the series.

20. Defendant Finkelman directly contradicted the Plaintiff's original complaint in his Rapaport v. Doe 1 et al. 23-cv-6709 by quoting his original complaint as stating "to be clear I was excited about women's rights being stripped, but I was was more excited about getting to play with guns". In fact, the original complaint stated "Plaintiff was not particularly interested in the *Dobbs* case" referring to *Dobbs v. Jackson Women's Health Organization* 597 US ___ (2022).

21. Defendant Finkelman has asserted that her republication of the defamatory image and other statements should be protected as humorous speech, even as she has contradictorily asserted they constitute a true and fair report.

22. Defendant Finkelman has expressed joy over the inability of the Plaintiff to join the bar or obtain employment as a result of the defamations and other tortious injuries perpetrated against him.

23. Defendant Finkelman has repeatedly promoted her defamatory republication of the forged image on X, formerly known as Twitter, to new audiences on Reddit.com and Fishbowl (both an app and a website accessible at Fishbowlapp.com).

24. Defendant Finkelman has repeatedly promoted her republication of the defamatory forgery on X, formerly known as Twitter, by reposting her republication and bringing it to the top of her feed.

25. When asked by a follower of hers "Does your anonymous tipster know what this jack weasel is alleged to have done?" Defendant Finkelman responded with the text emoji "¯\_(ツ)_/¯" indicating a reckless disregard for underlying truth of the matter.

26. Defendant Finkelman published the home address of the Plaintiff's former counsel and mocked his age on her X account.

27. Defendant Finkelman has represented that the defamations giving rise to the Rapaport v. Doe 1 et al. 23-cv-6709 action, and described therein are true.

## CAUSE OF ACTION
## DECLARATORY RELIEF

28. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if stated fully herein.

29. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

30. An actual controversy has arisen between the Plaintiff and Defendant Finkelman. The Plaintiff contends that he has no duties, liabilities or obligations with regard to or arising from the action Rapaport v. Finkelman 24-cv-5942(JGLC) he has previously brought against Defendant Finkelman. Defendant Finkelman contends that, by bringing such an action, or alternatively by the bringing and subsequent dismissal of such an action, the Plaintiff has incurred liability under NY CRL § 70-a providing her with a cause of action against the Plaintiff.

31. Plaintiff seeks a declaratory judgment to determine that he is not liable under, and that Defendant Finkelman has no right or claim by NY CRL § 70-a arising from or related to the action Rapaport v. Finkelman 24-cv-5942(JGLC) brought in the United States District Court for the Southern District of New York.

32. A trial by jury is demanded for all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court declare and adjudge that Defendant Finkelman has no rights or claims against the plaintiff arising under NY CRL § 70-a from or related to the action

Rapaport v. Finkelman 24-cv-5942(JGLC) brought in the United States District Court for the Southern District of New York.

Dated: September 1, 2025

Respectfully Submitted,

/s/ Gideon Rapaport

Gideon Rapaport, *pro se*
#627 1078 Summit Avenue
Jersey City, NJ 07307
GideonRapaportLaw@Outlook.com
(862)-213-0895