The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**Re: *Rapaport v. Finkelman.*, No. 25-cv-7294 (JGLC)**

Letter re Pretrial Conference

Your Honor:

I had received no communication or reply from defendant Finkelman regarding the joint pre-trial letter until 3:17PM earlier today. Unfortunately I was unable to accommodate her counsel's limited working hours of apparently from that time until their stated deadline of 5PM to confer on this matter.

Instead, to best assist the Court I will provide my own position on topics of the contemplated joint letter to the best of my ability.

1. **Need for an Initial Pretrial Conference**

Plaintiff states that a pretrial conference may assist in narrowing the issues, keeping litigation on an efficient track and discouraging opposing counsel from manufacturing sideshows such as meritless sanctions and TRO/preliminary injunction motions or demanding emergency hearings to waste judicial resources and burden Plaintiff as has been a pattern in related litigation.

2. **Nature of the Action**

Plaintiff seeks declaratory relief determining he is "not liable under, and that Defendant Finkelman has no right or claim by NY CRL § 70-a arising from or related to the action *Rapaport v. Finkelman* 24-cv-5942(JGLC)…." Although this Court has in that action denied a post-dismissal motion for fees for threshold procedural reasons, a declaratory judgment is still sought here to determine the separate claims beyond attorney's fees threatened to be brought against Plaintiff in a separate action per NY CRL 70-a(b)-(c). The Court's ruling in the prior case did not resolve any issue regarding those latter threatened claims.

3. **Jurisdiction and Venue**

Plaintiff states there is alienage jurisdiction because Defendant Finkelman is a citizen of the United States and Plaintiff is a citizen of Canada and not of the United States. 28 U.S.C. § 1332, ECF no. 1 ¶ 8. Plaintiff further states that there is federal question jurisdiction under 28 U.S.C. § 1331 because of "the First Amendment of the United States Constitution, the inherent power and independence of the federal judiciary as established by Article III and the Supremacy Clause of the United States Constitution, as well as the Federal Rules of Civil Procedure promulgated by the Supreme Court of the United States pursuant to the Rules Enabling Act, 28 U.S.C. § 2071-2077." that are at the core of Plaintiff's theory of the case ECF no. 1, ¶ 7.

4. **Existing Deadlines, Due Dates, and/or Cut-Off Dates**

At this time, the only existing deadline is that Defendant's answer or other reply due on November 13, 2026.

**5. Outstanding Motions**

There are no outstanding motions in this case at this time.

No discovery has taken place in this case.

**6. Description of Settlement Discussions**

Plaintiff and counsel for Defendant Finkelman exchanged emails between September 24 and October 2, 2026, to discuss potential resolution of the parties' dispute. Counsel for defendant made a proposal authorized by Defendant on September 24, 2026. Plaintiff rejected the offer and relayed a counteroffer on September 30, 2026. On October 1, 2026, counsel for Defendant rejected the offer and proposed that the parties request referral to a magistrate judge for a settlement conference. Plaintiff would not agree to such a referral due to fundamental disagreement with two asymmetric demands of Defendant Finkelman.

No subsequent settlement discussions have taken place.

**7. Other Information**

Plaintiff states that considering the substantial delay created by the stay pending the anti-SLAPP motion and Defendant's two previous extensions in this action this matter should be resolved efficiently in the interest of the clarity that the Declaratory Judgment Act is intended to provide 28 U.S.C. §§ 2201-2202.

Plaintiff further states his concerns that Defendant Finkelman is utilizing her already partially denied (as to NY CRL 70-a(a)) and meritless threatened anti-SLAPP (*Id.* 70-a(b-c)) claims to chill the speech and limit the public participation of Plaintiff by demanding he consent to make no public mention of Defendant Finkelman whatsoever, nor bring any future action against her for future conduct, whatever such conduct may be. Such demands are in direct contradiction of the purpose of that same statute. Plaintiff refuses to surrender his freedom of speech or his fundamental access to justice through the courts in exchange for peace from repeated and vexatious harassment by Defendant Finkelman and her counsel for fictitious sums under unconstitutional, procedurally invalid, factually unwarranted and novel legal theories. Such demands are particularly unreasonable considering Plaintiff has never made an out-of-court public statement about Defendant Finkelman.

/s/ Gideon Rapaport

Gideon Rapaport, *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627, 1078 Summit Avenue
Jersey City, New Jersey 07307