LAW OFFICE OF
MAX RODRIGUEZ

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

November 10, 2026

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *Rapaport v. Finkelman*, No. 1:25-cv-07294-JGLC

Dear Judge Clarke:

I represent Defendant Abigail Finkelman in the above-captioned action. I write to correct several knowing misrepresentations in Plaintiff's letter filed last night at 11:20 pm. ECF No. 25. After the Court's order directing the parties to file the joint status letter and proposed case management plan, and after receiving an email from Plaintiff on November 7, I responded a few minutes later telling him that I would send my thoughts on the relevant topics to allow the parties to prepare the letter and case management plan the next day. The next day, November 8, I followed through on that and provided my position on each of the topics covered in the case management plan. I asked Plaintiff to let me know his positions so we could finalize the form and draft a joint letter. He never responded.

Yesterday, November 9, having not heard from Plaintiff, at 3:16pm I emailed him a draft of a joint status letter and asked him to provide his edits. I planned to file by 5pm if I had not heard from him (which I had not for almost two days despite emailing him). Plaintiff then responded at 4:22pm and said he would "file with my side added tonight." I explained promptly (4:24pm) in response that he did not have my authority to file a joint status letter without recirculating it to me first before filing. He never responded to that email, never sent me what he proposed to say, and then filed his letter at 11:22pm.

Plaintiff's letter claims he "received no communication or reply from defendant Finkelman regarding the joint pre-trial letter until 3:17PM earlier today." As the attached email chain demonstrates, that is false. He further states that he was "unable to accommodate her counsel's limited working hours" but fails to disclose to the Court that I had asked to see his edits so that we could consent to file it together. *See* ECF No. 25 at 1.

I have attached the relevant email chain, as well as the draft joint status letter I had sent Plaintiff yesterday at 3:16 PM as exhibits to this letter. Should the Court decide to hold the conference currently scheduled for November 12, 2026, I will be prepared to address these and any other issues related to moving this matter forward toward resolution of Ms. Finkelman's

LAW OFFICE OF
MAX
RODRIGUEZ



forthcoming motion to dismiss, as well as Plaintiff's repeated refusal to engage with the courts in good faith.

Thank you for your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*
Max Rodriguez

**Tuesday, November 10, 2026 at 9:02:36 AM Eastern Standard Time**

---

**Subject:** Re: Joint Letter Conferral re Rapaport v. Finkelman 25-cv-07294-JGLC
**Date:** Monday, November 9, 2026 at 4:24:36 PM Eastern Standard Time
**From:** Max Rodriguez
**To:** Gideon Rapaport

Mr. Rapaport,

You do not have my consent to sign and file on my behalf until we have both seen the intended proposed language we intend to file. Please send back the draft with the proposed language you intend to add and then we can both confirm our consent.

Max Rodriguez

---

**From:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Date:** Monday, November 9, 2026 at 4:22 PM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Joint Letter Conferral re Rapaport v. Finkelman 25-cv-07294-JGLC

I will file with my side added tonight.

Gideon Rapaport

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Monday, November 9, 2026 3:16 PM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Joint Letter Conferral re Rapaport v. Finkelman 25-cv-07294-JGLC

Mr. Rapaport,

I have not heard from you about any of your positions with respect to the initial pretrial conference. Attached please find a joint status letter leaving space where appropriate for you to fill in your positions should you wish.

If I have not heard from you by 5pm EST, I will file my own letter under letterhead relaying Ms. Finkelman’s position.

Sincerely,
Max Rodriguez

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Sunday, November 8, 2026 at 6:13 PM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>

**Subject:** Re: Joint Letter Conferral re Rapaport v. Finkelman 25-cv-07294-JGLC

Mr. Rapaport,

As to the relevant sections of the civil case management plan, please see below:

1. Ms. Finkelman does not consent to conduct proceedings before a Magistrate Judge.
2. I do not have any intention to confer under Rule 26(f) at this time, as no discovery is necessary to address whether this declaratory judgment action should be dismissed.
3. We can agree on language to characterize our prior settlement discussions. With respect to section 3(b), I continue to believe that referral to a magistrate judge for settlement purposes would be valuable.
4. I do not believe this action falls under diversity jurisdiction.
5. I do not believe initial disclosures or any other discovery are appropriate in this case, both because of the nature of the action and because the claim for declaratory relief is meritless. I intend to move for a stay of discovery should the court ask.
6. The standard 30 day limit is acceptable to me.
7. N/A.
8. No fact discovery is necessary in this case. I intend to move for a stay of discovery should you not agree.
9. No expert discovery is necessary in this case.
10. No ESI protocol is necessary in this case.
11. No protocols are necessary for privilege logs or trial preparation materials.
12. N/A.
13. N/A.
14. N/A.
15. N/A.
16. N/A.
17. No trial is necessary in this case.
18. N/A.
19. I do not believe the initial pretrial conference is necessary.
20. I do not have any other matters that must be presented at the conference, should the court hold it.
21. N/A.
22. N/A.
23. N/A.

Please let me know your respective positions and we can finalize the form and I can draft a joint letter tomorrow.

Sincerely,
Max Rodriguez

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Saturday, November 7, 2026 at 5:43 PM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Joint Letter Conferral re Rapaport v. Finkelman 25-cv-07294-JGLC

I will send you my thoughts on the relevant topics tomorrow and then we can prepare and agree to a letter on Monday.

Sent from my iPhone

> On Nov 7, 2026, at 5:33 PM, Gideon Rapaport <gideonrapaportlaw@outlook.com> wrote:
>
> Mr. Rodriguez,
>
> I am writing to confer regarding 25-cv-07294-JGLC. I have not received any communication from you regarding the joint letter.
>
> Do you have any particular preferences as to any of the joint letter topics requested by the Court or should I draft a letter according to my best understanding?
>
> /s/ Gideon Rapaport

November 9, 2026

**<u>VIA ECF</u>**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

Re: *Rapaport v. Finkelman*, No. 1:25-cv-07294-JGLC

Dear Judge Clarke:

Pursuant to the Court's order docketed on November 6, 2026, counsel for Defendant Abigail Finkelman and Plaintiff *pro se* Gideon Rapaport submit the following joint letter in advance of the initial pretrial conference scheduled for November 12, 2026.

1. **<u>Need for an Initial Pretrial Conference</u>**

Plaintiff states [].

Defendant does not believe an initial pretrial conference is necessary in this case. No discovery is necessary even if the claims had merit (which they do not), and the claims may be dismissed in their entirety through Defendant's motion to dismiss, which will be filed this Friday, November 13, 2026.

2. **<u>Nature of the Action</u>**

Plaintiff seeks declaratory relief determining he is "not liable under, and that Defendant Finkelman has no right or claim by NY CRL § 70-a arising from or related to the action Rapaport v. Finkelman 24-cv-5942(JGLC)…." ECF no. 1, ¶ 31. The claims in that case were dismissed in their entirety and with prejudice. No. 24-cv-5942-JGLC, ECF no. 52 (S.D.N.Y. Aug. 29, 2025). The question of Civil Rights Law § 70-a's applicability was briefed before this Court in that related case, *see* No. 24-cv-5942-JGLC, ECF no. 104 (S.D.N.Y. Sept. 1, 2026) and is now pending appeal before the Second Circuit, No. 26-2785 (2d Cir.).

3. **<u>Jurisdiction and Venue</u>**

Plaintiff alleges that there is subject matter jurisdiction under 28 U.S.C. § 1331 because of, among other things, "the First Amendment of the United States Constitution, the inherent power and independence of the federal judiciary as established by Article III and the Supremacy Clause of the United States Constitution, as well as the Federal Rules of Civil Procedure promulgated by the Supreme Court of the United States pursuant to the Rules Enabling Act, 28 U.S.C. § 2071-2077." ECF no. 1, ¶ 7. In the alternative, Plaintiff alleges there is diversity jurisdiction because he is a citizen of Canada and Defendant is a citizen of New York. *Id.* ¶ 8.

Defendant does not at this time object to Plaintiff's allegations concerning jurisdiction or venue.

4. **Existing Deadlines, Due Dates, and/or Cut-Off Dates**

At this time, the only existing deadline is that Defendant's motion to dismiss is due on November 13, 2026.

5. **Outstanding Motions**

There are no outstanding motions in this case at this time.

No discovery has taken place in this case.

Plaintiff states [].

Defendant is unwilling to engage in any discovery at this time and, if necessary, will file a letter motion to stay discovery pending resolution of the motion to dismiss.

6. **Description of Settlement Discussions**

Plaintiff and counsel for Defendant exchanged emails between September 24 and October 2, 2026, to discuss potential resolution of the parties' dispute. Counsel for defendant made a proposal authorized by Defendant on September 24, 2026. Plaintiff rejected the offer and relayed a counteroffer on September 30, 2026. On October 1, 2026, counsel for Defendant rejected the offer and proposed that the parties request referral to a magistrate judge for a settlement conference. Plaintiff would not agree to such a referral.

No subsequent settlement discussions have taken place.

7. **Other Information**

Plaintiff states [].

Defendant states that Plaintiff has already received the opportunity to litigate these issues on the merits as a part of Ms. Finkelman's motion for Anti-SLAPP fees with respect to Civil Rights Law § 70-a(1)(a), which he will get yet another opportunity to argue on appeal before the Second Circuit. *See, e.g.*, *U.S. Dep't of Treasury v. Off. Comm. of Unsecured Creditors of Motors Liquidation Co.*, 475 B.R. 347, 360 (S.D.N.Y. 2012). With respect to Civil Rights Law § 70-a(1)(b) and (1)(c), resolution of those questions would require assessment of factual questions that are inappropriate for declaratory relief. *See, e.g.*, *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 227 (S.D.N.Y. 2023). Accordingly, this matter is axiomatically non-

justiciable for declaratory relief and represents a frivolous multiplication of proceedings to chill Ms. Finkelman's speech.

* * *

Thank you for your Honor's consideration in this matter.

Respectfully,

_/s/ DRAFT

Gideon Rapaport
1078 Summit Avenue, # 627
Jersey City, NJ 07307
GideonRapaportLaw@outlook.com
(862) 213-0895

*Plaintiff Pro Se*

_/s/ DRAFT

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167

*Counsel for Defendant Abigail Finkelman*